IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ALABAMA CREDIT UNION,                                       } | |
| } | |
| Plaintiff,                                                  } | |
| } | |
| v.                                                          } | CASE NO. CV 05-B-1692-W |
| } | |
| THE CREDIT UNION OF ALABAMA                                 } | |
| FEDERAL CREDIT UNION, formerly                              } | |
| known as BF Goodrich Employees Federal                      } | |
| Credit Union; LOCKLEAR CHRYSLER                             } | |
| JEEP DODGE, DON DRENNEN                                     } | |
| CHRYSLER JEEP,                                              } | |
| } | |
| Defendants.                                                 } | |
| } | |
| THE CREDIT UNION OF ALABAMA                                 } | |
| FEDERAL CREDIT UNION,                                       } | |
| } | |
| Counter Claimant,                                           } | |
| } | |
| v.                                                          } | |
| } | |
| ADMINISTRATOR T. GLENN                                      } | |
| LATHAM; ALABAMA CREDIT UNION,                               } | |
| } | |
| Counter Defendants,                                         } | |
| } | |
| THE CREDIT UNION OF ALABAMA                                 } | |
| FEDERAL CREDIT UNION,                                       } | |
| } | |
| Counter Claimant,                                           } | |
| } | |
| v.                                                          } | |
| } | |
| ADMINISTRATOR T. GLENN                                      } | |
| LATHAM; ALABAMA CREDIT UNION,                               } | |
| } | |
| Counter Defendants.                                         } | |
| } | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Motion to Quash filed by nine non-party car dealerships. (Doc. 27)[1] In the spring of 2004, the B.F. Goodrich Employees Federal Credit Union sought to change its name to The Credit Union of Alabama Federal Credit Union ("TCUAFCU"). The name change was approved by the National Credit Union Administration, the federal regulatory body that governs federally chartered credit unions. Alabama Credit Union ("ACU") is opposed to the name change because, it contends, the new name is confusingly similar to Alabama Credit Union. ACU brings this action against TCUAFCU alleging claims for trademark infringement, unfair competition, and violation of the Alabama Deceptive Trade Practices Act.

In its Counterclaim, The Credit Union of Alabama Federal Credit Union ("TCUAFCU") alleges, *inter alia*, that Alabama Credit Union ("ACU") was involved in a kickback scheme by which it paid a kickback to car dealerships every time a buyer financed the purchase of his or her automobile with a loan from ACU. TCUAFCU alleges further that ACU was involved in a scheme by which it increased the interest rate it charges new members for financing his or her purchase from a dealer, which is then compensated with a split of the proceeds from the higher interest rate. TCUAFCU alleges that this practice of "indirect lending" is illegal, and that it constitutes intentional interference with its business, and is in violation of RICO.[2]

---

[1] Reference to document number, ["Doc."], refers to the number assigned to each document filed in the court's record.

[2] According to ACU, "[t]here is no dispute that Alabama Credit Union engages in indirect automobile lending, and that dealers are compensated for assistance in loan transactions." (ACU's Proposed Response to TCUAFCU's Response to Motion to Quash, at 2, ¶1.) ACU

2

TCUAFCU has issued non-party subpoenas to nine car dealerships seeking production of documents pertaining to the allegations in its Counterclaim regarding the alleged kickback scheme.  The non-party car dealerships jointly move the court to quash those subpoenas.

Motion to Quash

Rule 45 of the Federal Rules of Civil Procedure provides that a court may quash or modify a subpoena if it "subjects a person to undue burden," or "requires disclosure of a trade secret or other confidential research, development, or commercial information."  Fed.R.Civ.P. 45(c)(3)(A)(iv), 45(c)(3)(B)(I).

The dealerships contend that the discovery sought is unduly burdensome, and that documents which are the subject of the subpoenas are proprietary, confidential commercial information belonging to the movants.  They also contend that the documents contain personal, non-public information about each dealership's customers, and are protected by various laws related to confidentiality and non-disclosure of such information.

TCUAFCU contends that the nature of its request is fairly simple – it seeks information from the movants about whether they received any payments or compensation from ACU directly or indirectly, as a result of financing a vehicle sale through ACU, directly or indirectly, and/or from signing up purchasers as new members of ACU.  (Response to Motion to Quash, at 3, ¶3.) TCUAFCU states that it is willing to limit the scope of the requests by agreement, and that it is willing to enter into an appropriate protective order if necessary to address the movants' concerns

---

contends further that "[t]he practice of indirect lending in which dealers receive monies from lenders for assistance in originating loans is pervasive in the United States. . . . Credit Union of Alabama is attacking the structure of the entire indirect lending industry because it chooses not to engage in indirect lending, although the practice is sanctioned and encouraged at times by every federal financial institution regulator."  (Id. at 2, ¶¶ 2-3.)

3

regarding confidential proprietary and commercial information, and confidential personal, non-public customer information.

The movants also contend that such records would be expected to be within the custody of the plaintiff, ACU, and that defendants should be required to first seek to obtain the requested documents from ACU instead of the non-party movants. TCUAFCU responds that it is entitled to obtain the documents it seeks from the dealerships, whether or not they are also produced by ACU. (Response to Motion to Quash, at 4, ¶4.) TCUAFCU states that "obtaining documents and information from third parties is a routine and even expected way to test the credibility of a party's responses to requests for the same documents and information." (Id.) TCUAFCU further contends that "[t]he fact that ACU may also have records of some of this information does not mean that TCUAFCU must seek it through ACU first or that movants should be excused from producing it." (Id. at 4-5, ¶5.)

TCUAFCU cites *Honeywell International, Inc. Securities Litigation*, 230 F.R.D. 293, 300-301 (S.D.N.Y. 2003), in which the plaintiff sought to compel production of certain files by the defendant's accounting firm, PriceWaterhouseCoopers ("PWC"), a non-party. PWC argued that it should not be compelled to produce the files because they were equally available from its client, the defendant. *Id*. at 301. The court found that the fact that the same documents may be available from the defendant was not persuasive. *Id.* The court stated that "[t]he documents in PWC's possession may differ slightly from Honeywell's copies. The PWC copies could include handwritten notes, and the fact that PWC has copies of documents itself can be relevant." *Id.*

TCUAFCU has not articulated any specific reason for seeking discovery from the non-party movants for discovery that it can receive from the plaintiff, other than to "test the credibility of a party's responses." At this point, the court finds this to be an insufficient ground

4

to warrant the burdensome discovery sought from the non-party movants. The court finds that the non-party movants' Motion to Quash (doc. 27) is due to be and hereby is **GRANTED**.

**DONE** this 25th day of July, 2006.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE