FILED
2007 Aug-13  AM 09:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **ALABAMA CREDIT UNION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE CREDIT UNION OF ALABAMA FEDERAL CREDIT UNION, formerly known as BF Goodrich Employees federal Credit Union; LOCKLEAR CHRYSLER JEEP DODGE, DON DRENNEN CHRYSLER JEEP,** | ) ) ) ) ) ) ) | |
| **Defendants.** | ) | **CV 05-B-1692-W** |
| | ) | |
| **THE CREDIT UNION OF ALABAMA FEDERAL CREDIT UNION,** | ) ) | |
| | ) | |
| **Counter Claimant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ADMINISTRATOR T. GLENN LATHAM; ALABAMA CREDIT UNION,** | ) ) | |
| | ) | |
| **Counter Defendants,** | ) | |
| | ) | |
| **THE CREDIT UNION OF ALABAMA FEDERAL CREDIT UNION,** | ) ) | |
| | ) | |
| **Counter Claimant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ADMINISTRATOR T. GLENN LATHAM; ALABAMA CREDIT UNION,** | ) ) | |
| | ) | |
| **Counter Defendants.** | ) ) | |

## MEMORANDUM OPINION

This case is currently before the court on defendant The Credit Union of Alabama Federal Credit Union's ("TCUAFCU") Rule 19 Motion to Dismiss, (doc. 38). TCUAFCU moves to dismiss Alabama Credit Union's ("ACU") Amended Complaint, (doc. 9), for failure to join third parties pursuant to Rule 19 of the Federal Rules of Civil Procedure. (Doc. 38.) Upon consideration of the record, the submission of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that TCUAFCU's Rule 19 Motion to Dismiss, (doc. 38), is due to be denied.

## FACTS

Alabama Credit Union League ("ACUL") is a credit union trade association in Alabama. (Doc. 38 at 2.) ACUL serves 176 credit unions, including ACU. (Doc. 73 at 3.) ACUL was established in or around 1934, approximately twenty years before the establishment of ACU. (Doc. 73 at 2.)

In 2005, B.F. Goodrich Employees Federal Credit Union announced that it was changing its name to "The Credit Union of Alabama, a Federal Credit Union." (Doc. 44 at 12.) The National Credit Union Administration ("NCUA") approved the name change. (*Id.*) When ruling on proposed name changes, the NCUA is not responsible for ensuring that the proposed name does not constitute an infringement. (Doc. 43, Ex. A.)

ACU has sued TCUAFCU pursuant to the Lanham Act, for unfair competition, Alabama common law trademark infringement, and violation of the Alabama Deceptive Trade Practices Act. (Doc. 9.) ACU claims that it has a protectable interest in the name

"Alabama Credit Union," and that TCUAFCU's new name is likely to cause confusion. (Doc. 9 at 3-6.) ACU requests, among other things, that TCUAFCU be permanently restrained "from using Alabama Credit Union's mark 'Alabama Credit Union,' or variants thereof such as 'The Credit Union of Alabama,' 'Alabama Federal Credit Union,' or 'The Federal Credit Union of Alabama.'" (Doc. 9 at 11.)

## DISCUSSION

TCUAFCU moves to dismiss ACU's Amended Complaint, (doc. 9), for failure to join indispensable parties. (Doc. 38.) TCUAFCU contends that NCUA and ACUL are indispensable parties under Rule 19. (*Id.*)

Rule 19 provides:

> (a) *Persons to be Joined if Feasible*. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.
>
> (b) *Determination by Court Whenever Joinder not Feasible*. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or

>avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19.

## The National Credit Union Administration ("NCUA")

According to TCUAFCU, "ACU's claims indirectly attacking the NCUA's approval of Defendant's name change to TCUAFCU make the NCUA a non-party whose joinder is . . . required by Rule 19." (Doc. 38 at 4.) TCUAFCU contends that a ruling in favor of ACU "would be a rejection of the NCUA's decision about Defendant's name change to TCUAFCU and would as a practical matter affect the NCUA's ability to defend its decision." (Doc. 54 at 5.) TCUAFCU also argues that, if the court ruled in favor of TCUAFCU, and ACU then sued the NCUA directly and "somehow successfully [got] another court to overturn the NCUA's decision, the NCUA's absence from this case would leave TCUAFCU 'subject to a substantial risk of . . . inconsistent obligations.'" (*Id.* [citing Fed. R. Civ. P. 19].) Therefore, TCUAFCU relies on Rule 19(a)(2)(i) and 19(a)(2)(ii).

A ruling in favor of ACU would not be a rejection of the NCUA's approval of TCUAFCU's name change. The NCUA's policy is clear that "[i]t is the responsibility of the federal credit union organizers or officials of an existing credit union to ensure that the proposed federal credit union name or federal credit union name change does not constitute an infringement on the name of any corporation in its trade area." (Doc. 43, Ex. A.) Furthermore, according to Alonso Swann, Regional Director of the NCUA,

"[t]rademark disputes are not within the jurisdiction of the NCUA to resolve." (Doc. 43, Ex. C.) Instead, the NCUA "regard[ed] [ACU's objections to the name change] as a private legal dispute between the two credit unions." (*Id.*) Because it is not NCUA's responsibility to ensure that a proposed name does not infringe on another corporation's, a ruling in favor of ACU would not be a rejection of the NCUA's approval of TCUAFCU's name change. Therefore, the NCUA clearly does not "claim[] an interest relating to" what it regards as a private dispute between two credit unions. Fed. R. Civ. P. 19(a)(2).

### The Alabama Credit Union League ("ACUL")

According to TCUAFCU, the ACUL's "non-joinder leaves both ACU and the [ACUL] subject to a substantial risk of inconsistent obligations . . . with respect to whether ACU has . . . an exclusive right to use ["Alabama Credit Union"] [as] a trade name." (Doc. 54 at 5.) Therefore, TCUAFCU again relies on Rule 19(a)(2). However, ACU has not established that ACUL "claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(2).

Under Rule 19(a)(2), "the absent party itself must assert an interest in the subject matter of the pending case." *M.C. By and Through Mrs. C. v. Volumtown Bd. of Educ.*, 178 F.R.D. 367, 371 (D. Conn. 1998) (citing *ConnTech Development Co. v. University of Connecticut Educ. Properties, Inc.*, 102 F.3d 677, 683 (2d Cir. 1996)). Therefore, in *Peregrine Myanmar Ltd. v. Segal*, the "[defendant's] attempt to assert on behalf of the [absent party] its supposed concern . . . [fell] outside the language of the rule." *Segal*, 89

F.3d 41, 49 (2d Cir. 1996). The court noted that "[i]t is the absent party that must claim an interest." *Id.*

ACU correctly states that "TCUAFCU's attempt to assert on behalf of the [ACUL] and the NCUA their supposed concern about their interest in the subject of this action falls outside the language of Rule 19." Because ACUL does not "claim[] an interest relating to the subject of the action," as required by Rule 19, it is not a party to be joined if feasible.

## **CONCLUSION**

Therefore, upon careful review of the record and the arguments presented in the briefs of the parties, the court concludes that TCUAFCU's Rule 19 Motion to Dismiss, (doc. 38), is due to be denied. An order will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 13th day of August, 2007.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE